Seneca Ins. Co., Inc. v JFR Constr. Corp. (2019 NY Slip Op 08931)





Seneca Ins. Co., Inc. v JFR Constr. Corp.


2019 NY Slip Op 08931


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10548 159603/15

[*1] Seneca Insurance Company, Inc. as subrogee of SI Realty, LLC, Plaintiff-Appellant,
v
JFR Construction Corp., Defendant-Respondent.


Kahn & Goldberg, LLP, New York (Eric Goldberg of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Anthony F. Destefano of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 5, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff brought this subrogation action arising from property damage that allegedly resulted from the freezing and bursting of sprinkler pipes in the attics of two properties owned by its insured, nonparty SI Realty, LLC. Defendant construction subcontractor installed the sprinkler heads in the properties.
Defendant established prima facie that it did not owe any duty to SI Realty and that any duty it might have owed to SI was not breached. Defendant's sole contracts for the sprinkler work were the subcontracts that it entered into with nonparty Luna Development, the general contractor, and these subcontracts expressly provided that defendant had no duty to protect the pipes from freezing.
In opposition, plaintiff failed to raise an issue of fact. It contends that defendant failed to comply with a note in the plans that required sprinklers to be protected against freezing and injury as per New York City Building Code (Administrative Code of City of NY) § 27-956. However, as indicated, defendant's contracts expressly disclaimed a duty to protect the sprinklers against freezing.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK